UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
:
FRANKIE CANCEL,                                                       :
                                                                      :
                          Plaintiff,                                  :     13-CV-6007 (JMF)
                                                                      :
           -v-                                                        :     MEMORANDUM OPINION
                                                                      :           AND ORDER
NYPD COMMISSIONER RAYMOND KELLY, et al.,                              :
                                                                      :
                          Defendants.                                 :
                                                                      :
----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/15/2016

JESSE M. FURMAN, United States District Judge:

By Opinion and Ordered entered February 11, 2016, the Court granted Defendants' motion for summary judgment in its entirety — dismissing all of Plaintiff's claims and closing this case. (Docket No. 90). On March 10, 2016, Plaintiff, proceeding *pro se*, filed a motion for partial reconsideration of that decision. (Docket No. 92). Upon review of the parties' papers, and for the reasons stated below, that motion is GRANTED in part and DENIED in part.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). A district court "has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim*, 2012 WL

1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). "'The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). It is well established that the rules permitting motions for reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *United States v. Treacy*, No. 08-CR-0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (internal quotation marks omitted).

Applying those standards here, and presuming familiarity with the relevant background and facts, the Court concludes that reconsideration is warranted with respect to Plaintiff's unlawful search claim. Upon reflection, the Court agrees with Plaintiff that there is a material question of fact with respect to (1) whether the Warrant Squad officers involved in the search were actually aware of the bench warrant for Darlene Tinsley at the time they searched Cancel's residence at 490 Hart Street and (2) whether that warrant was stale. Without that warrant to justify the search, the Court cannot conclude that the Warrant Officer's search of Cancel's apartment at 490 Hart Street was reasonable as a matter of law. Contrary to Defendants' argument, the mere fact that Matthew Cancel was related to Plaintiff does not necessarily provide a basis to search Plaintiff's residence, since the warrant for his arrest listed Apartment 2 (apparently a distinct apartment) as his address. *See Steagald v. United States*, 451 U.S. 204, 214-15 (1981) (rejecting the argument that "the police, acting alone and in the absence of exigent circumstances, may decide when there is sufficient justification for searching the home of a third party for the subject of an arrest warrant"). And putting aside whether an "I-Card" provides the

same authority as an arrest warrant to search premises for a suspect, Defendants' arguments with respect to the I-Card for Plaintiff's other nephew, Nikkolas Delgado, fail for similar reasons. Accordingly, Plaintiff's motion for reconsideration is GRANTED with respect to his unlawful search claim, and Defendants' motion for summary judgment on that claim is DENIED.[1]

The only other claim with respect to which Plaintiff seeks reconsideration is his excessive force claim. On that front, Plaintiff points to no law or facts that the Court overlooked in issuing its original Opinion. As Plaintiff presents no valid grounds for reconsideration with respect to that claim, his motion is DENIED. *See, e.g.*, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (internal quotation marks, citations, ellipsis, and alterations omitted)).

For those reasons, Plaintiff's motion for reconsideration is GRANTED in part and DENIED in part. In particular, Plaintiff's claim for unlawful search of his residence may proceed. In light of the substance of that claim and the need for trial to resolve it, this Court exercises its discretion under Title 28, United States Code, Section 1915(e)(1), and will seek to obtain *pro bono* counsel for Plaintiff. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989). Further, the Court believes — in light of this ruling, the possibility that Plaintiff will

---

[1] In their motion for summary judgment, Defendants argued in the alternative that Plaintiff's unlawful search claim should be dismissed on qualified immunity grounds. (*See* Defs.' Mem. Law Supp. Mot. Summ. J. (Docket No. 75) 23-25). The Court concludes that factual disputes — for example, with respect to the Tinsley warrant — preclude entry of summary judgment on that ground as well. *See Steagald*, 451 U.S. at 213-14.

obtain counsel in short order, and the likelihood that any damages on the unlawful search claim would be small — that the parties should attempt to settle the case without the need for trial.  To that end, by separate Order to be entered today, the Court is referring the case to the assigned Magistrate Judge (the Honorable Ronald L. Ellis) for settlement purposes.  **No later than the earlier of one week after *pro bono* counsel enters a notice of appearance or May 30, 2016**, the parties shall contact the Chambers of Magistrate Judge Ellis to schedule a settlement conference as soon as possible.  In the event that the case does not settle, the Court will issue a further Order with respect to the timing and procedures leading up to trial.

The Clerk of Court is directed to terminate Docket No. 92, to reopen this case, and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Date: April 15, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge

4